**UNITED STATES ATTORNEY'S OFFICE**
WILLIAM E. FITZPATRICK
Acting United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> DANE RICHARDS, SR., <br><br> Debtor. | Chapter 13 <br><br> Case No. 17-18766-CMG <br><br> Judge: Christine M. Gravelle <br><br> **Hearing Date: July 19, 2017** <br> **Hearing Time: 10:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S CHAPTER 13 PLAN**

**ATTENTION DEBTOR'S COUNSEL:**
**FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS NOT CONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 10]. In support thereof, the Service respectfully represents as follows:

**RELEVANT BACKGROUND**

1.  Dane Richards, Sr. (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on April 28, 2017 (the "Petition Date") [ECF Doc. No. 1].

2.  The Debtor has unpaid federal income tax liabilities for numerous tax years. The Debtor also failed to file Form 1040 federal income tax returns for tax years 2013, 2014, 2015, and 2016. Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against the Debtor. *See* Claim No. 2-1. Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtor's "property and rights to property, whether real or personal."

3.  The Service filed a proof of claim against the Debtor setting forth total claims of $79,972.36 (the "Service Claim"), comprised of (i) a secured claim pursuant to 11 U.S.C. § 506(a) in the amount of $63,786.02, which amount is secured by the Tax Lien on the Debtor's scheduled real *and* personal property; (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $7,945.86 (the "Priority Claim"); and (iii) an unsecured non-priority claim of $8,240.48. *See* Claim No. 2-1.

4.  For the reasons described below, the Plan is not confirmable.

**OBJECTION**

**A. The Plan is Not Confirmable with Respect to the Service's Secured Claim**

5.  With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a Chapter 13 Plan provide for the retention of the secured creditor's liens and full payment, plus interest. Contrary to section 1325(a)(5)'s requirements, the Plan fails to calculate (and provide for the payment of)

2

post-confirmation interest on the Secured Claim. *See* Plan at 4. The Service submits that the interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (4%), should be applied to deferred payments of federal taxes.

### B. The Plan is Generally Unconfirmable Based on Debtor's Failure to File Tax Returns

6. As noted above and in the Service Claim, the Debtor failed to file Form 1040 federal tax income returns for tax years 2013, 2014, 2015, and 2016. Pursuant to Bankruptcy Code section 1308(a), the Debtor was required to file all tax returns due within four years of the Petition Date no later than the date on which his section 341(a) meeting of creditors was first scheduled (*i.e.*, June 22, 2017). 11 U.S.C. § 1308(a). The Debtor failed to comply with Bankruptcy Code section 1308 by filing the 2013, 2014, 2015 and 2016 returns. This failure renders the Plan unconfirmable under Bankruptcy Code section 1325(a)(9), which requires, as a prerequisite to confirmation, compliance with section 1308. 11 U.S.C. § 1325(a)(9).

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan until such time as the above-referenced defects in the Plan are cured; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: July 10, 2017

                    WILLIAM E. FITZPATRICK
                    Acting United States Attorney

                    */s/ Eamonn O'Hagan*
                    EAMONN O'HAGAN
                    Assistant U.S. Attorney

                    *Attorneys for the United States of America*